**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel VASQUEZ, Defendant–Appellant.**

No. 92–8439

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 23, 1993.

Norbert J. Garney and Charles Louis Roberts (court appointed), El Paso, TX, for appellant.

Richard L. Durbin, Jr., and Glenn W. MacTaggart, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, TX, for appellee.

Before POLITZ, Chief Judge, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:

Manuel Vasquez was found guilty by a jury of conspiracy to possess with intent to distribute more than five kilograms of cocaine and conspiracy to import more than five kilograms of cocaine. Vasquez was sentenced to concurrent imprisonment terms of 300 months on each count to be followed by concurrent terms of five years supervised release.

Prior to trial, the Government filed a motion for a conflict-of-interest hearing. During the hearing, the Government requested that defense counsel, Robert Ramos, be disqualified from representing Vasquez because counsel was also representing a potential witness in the case, George Lore. The district court granted the motion to disqualify Ramos from representing Vasquez.

Vasquez argues on appeal that the district court abused its discretion in disqualifying Ramos because it relied on the unsubstantiated and contradicted representations of the Government. Vasquez also argues that a defendant can validly waive his right to be free from a conflict of interest.

"[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United*

*States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988) (citation omitted). A district court faced with a possible conflict must ascertain whether the conflict warrants separate counsel. *Id.,* 486 U.S. at 160, 108 S.Ct. at 1697. The district court may refuse to accept a defendant's waiver of the conflict issue because it has "an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.*

Thus, a district court is "allowed substantial latitude in refusing waivers of conflicts of interest" not only if an actual conflict is demonstrated, but in cases where a potential for conflict exists which may result in an actual conflict as the trial progresses. *Id.* at 163, 108 S.Ct. at 1699. A "District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Id.* at 164, 108 S.Ct. at 1699. The district court's determination of the conflict issue is reviewed for an abuse of discretion. *United States v. Reeves,* 892 F.2d 1223, 1227 (5th Cir.1990).

The Government advised the district court that George Lore had provided the prosecution with physical evidence and other information that might be useful in the case against Vasquez.

Ramos acknowledged that he was representing Lore in a criminal proceeding pending in New Mexico, which involved the structuring of financial transactions to avoid reporting requirements. Ramos stated that he had accompanied Lore to sessions with the United States Attorney regarding Lore's knowledge of Vasquez's activity in the drug case, but Ramos contended that the prosecutor indicated to him that Lore's testimony would not be useful to the prosecution. Ramos stated that he did not believe that a conflict of interest existed because Lore's testimony would be limited to the undisputed fact that Vasquez knew some of the co-defendants and had business dealings with them. Ramos also related that Lore and Vasquez had no problem with his joint representation of their interests.

In response to Ramos's remarks, the prosecutor stated that he had met with Lore and Ramos that day and that Lore indicated that he would testify that Vasquez had used cocaine along with other defendants in the case. The prosecutor also advised the district court that Lore had provided him with information concerning the whereabouts of an eyewitness that could implicate Vasquez and with a letter explaining why incriminating business records of the co-defendants were found in Vasquez's house. The prosecutor also argued that Ramos could not effectively cross-examine Lore without violating the attorney-client privilege. Ramos denied that Lore had stated that he observed Vasquez using cocaine and argued that the additional information that Lore offered would not incriminate Vasquez.

Although the value of Lore's assistance to the prosecution was disputed, defense counsel did not contest the facts that counsel was representing Lore in another criminal proceeding and that Lore was cooperating with the Government in Vasquez's criminal case. The Government's contention that a conflict of interest would arise if Ramos was required to cross-examine Lore during the trial was a valid and significant concern. Because the Government demonstrated that there was a serious potential for a conflict of interest which could impair the effectiveness of counsel's representation, the district court did not abuse its discretion in disqualifying Vasquez's counsel.

AFFIRMED.